UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>VICTOR ALANIS,<br><br>    Movant. | No. 2:05-cr-0456 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     INTRODUCTION

    Movant is proceeding with counsel with a motion for habeas corpus relief under 28 U.S.C. § 2255. Movant argues that his convictions and sentences in this action for two counts of using a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A),[1] both with armed bank robbery as the qualifying "crime of violence," must be vacated because, following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), bank robbery, armed or otherwise, no longer qualifies as a "crime of violence" for purposes of § 924(c)(1)(A). For the following reasons, the court will recommend that movant's argument be rejected.

/////

/////

---

[1] All other statutory references are to Title 18 of the United States Code unless otherwise noted.

1

## II. BACKGROUND

On April 23, 2007, movant entered pleas of guilty to two counts of using a firearm during a crime of violence. ECF No. 66 & 68. On March 9, 2009, movant was sentenced to serve consecutive terms of 84 months and 300 months imprisonment. ECF No. 119 & 120.

## III. STATUTES

Under § 2113(a), "bank robbery" is defined as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both . . .

The applicable version of § 924(c)(1)(A) in effect until October 26, 2005[2] provides additional penalties for a defendant who "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime possess a firearm. . ." A "crime of violence" for purposes of § 924(c)(1)(A) is defined under § 924(c)(3) as a crime which "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

/////

/////

---

[2] Movant's crimes were committed in 2005 before October. ECF No. 8.

2

IV. ANALYSIS

In Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"[3]), the Supreme Court held that imposing an increased sentence under what has become known as the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2),[4] is a violation of Due Process Clause of the Fourteenth Amendment as that provision is too vague. Movant argues that the ruling in Johnson II also renders § 924(c)(3)(B) unconstitutionally vague. The court need not reach this question, however, because movant fails to show that bank robbery is not a "crime of violence" under § 924(c)(3)(A) as explained below.

1. "Intimidation" as Element of "Crime of Violence"

In Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") the Supreme Court clarified that for purposes of the definition of "crime of violence" identified in § 924(c)(3)(A), the phrase "physical force" means "violent force—that is force capable of causing physical pain or injury to another person." Id. at 140. Movant argues that bank robbery involving "intimidation," as opposed to "force and violence," cannot amount to a "crime of violence" under § 924(c)(3)(A) because the definition of intimidation in the Ninth Circuit, to "willfully . . . take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," United States v. Selfa, 918 F.2d. 749, 751 (9th Cir. 1990), does not require the use, attempted use, or threatened use of "violent, physical force." As an example of an instance where a person could be "intimidated" without a defendant at least threatening "violent physical force," movant asserts "a defendant could commit . . . bank robbery . . . by threatening to poison the teller." ECF No. 129 at 12-13.

The court rejects movant's argument. Movant erroneously focuses on the amount of force threatened, rather than whether force was threatened, and the nature of the force, i.e. whether the force threatened "is capable of causing physical pain or injury." Those are the only

---

[3] "Johnson II," as opposed to " Johnson I," referenced below.

[4] Under the "residual clause" found in § 924(e)(2)(B)(ii) a "violent felony" is, in part, a crime punishable by imprisonment exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another."

things required under Johnson I. Further, the notion that no force is required in movant's poisoning hypothetical was specifically rejected by the Supreme Court in United States v. Castleman, 134 S. Ct. 1405 (2014). The Court explained that the "use of force" is "the act of employing poison knowingly as a device to cause physical harm." Id. at 1414-1415.[5]

   2.   Intent

Next, movant argues that bank robbery is no longer a "crime of violence" as that term is defined in § 924(c)(3)(A) because the law which has developed since movant was convicted now requires that the use, attempted use, or threatened use of physical force against the person or property of another be "intentional."

In Leocal v. Ashcroft, 543 U.S. 1 (2004), the Supreme Court found that the phrase "use of physical force against the person or property of another" requires a level of intent beyond mere negligence. In Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1126-32 (9th Cir. 2006) the Ninth Circuit found that reckless conduct is also not a sufficient level of intent to establish a "use, attempted use, or threatened use of physical force against the person or property of another." Rather, a "crime of violence," as that term is defined in § 924(c)(3)(A), "must involve the intentional use," threatened use, etc., "of force." Id.

To secure a bank robbery conviction "by intimidation," "the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating." McNeal, 818 F.3d at 155. Movant argues that because bank robbery is not a "specific intent" crime, that is a crime where "the government must prove that the defendant subjectively intended or desired the proscribed act or result," United States v. Lamont, 831 F.3d 1153, 1156 (9th Cir. 2016), Fernandez-Ruiz precludes a finding that bank robbery is a crime of violence under § 924(c)(3). However, the Ninth Circuit did not distinguish between specific and general intent in Fernandez-Ruiz. The court simply indicated that a crime of violence as that term is described in § 924(c)(3)(A) must be committed "intentionally," as opposed to recklessly or

---

[5] In United States v. McNeal, 818 F.3d 141, 156 (4th Cir. 2016) the Fourth Circuit rejected the argument movant raises here by finding that threatening a bank teller with the use of poison does not amount to "intimidation" under § 2113(a).

4

with negligence in that there must be a "volitional element." Fernandez-Ruiz, 466 F.3d at 1129. Movant fails to point to any other authority suggesting that only specific intent crimes can amount to a crime of violence under § 924(c)(3)(A).

In any case, in 2000, the Ninth Circuit held that armed bank robbery qualifies as a "crime of violence," as that term is defined in § 924(c)(3)(A) because one of the elements of armed bank robbery is a taking "by force and violence or by intimidation." United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000). Again, in Selfa, 918 F.2d. at 751, the Ninth Circuit specifically defined "intimidation" as to "willfully . . . take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." Any argument that the Ninth Circuit's definition of "intimidation" somehow captures passive as opposed to intentional conduct "presents an implausible paradigm in which a defendant unlawfully obtains another person's property against his or her will by unintentionally placing the victim in fear of injury. "United States v. Watson, CR NO. 14-00751-01 DKW, 2016 WL 866298 at *7 (D. Haw. Mar. 2, 2016).

3. Extortion

Movant's final argument, raised in his reply brief, is that bank robbery cannot be a "crime of violence" under § 924(c)(3)(A) because it can be achieved through mere extortion. However, not every crime which may be committed under § 2113(a) need amount to a "crime of violence" under § 924(c)(3) in order for movant to be eligible for conviction under § 924(c)(1)(A).

As the Supreme Court noted in Mathis v. United States, 136 S. Ct. 2243, 2249 (2016) "[a] single statute may list crimes in the alternative, and thereby define multiple crimes." The court finds that there are two crimes identified in the first paragraph of § 2113(a): bank robbery and bank extortion. See Wright 215 F.3d at 1028 (Ninth Circuit finds armed bank robbery to be a "crime of violence" under § 924(c)(3) because one of the elements is taking "by force and violence, or by intimidation" and without addressing the element of § 2113(a) concerning extortion). For bank robbery, the government must prove the defendant took, or attempted to take, qualifying property from the person or presence of another by force and violence or by intimidation. For bank extortion, the defendant must obtain or attempt to obtain qualifying property by extortion which the Supreme Court has defined as "obtaining something of value

5

from another (not necessarily from their presence or person), with his consent induced by the wrongful use of force, fear or threats." Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409 (2003). "Unlike robbery, the threats that can constitute extortion . . . include threats to property. . ." United States v. Becerril-Lopez, 541 F.3d 881, 892 (9th Cir. 2008). See United States v. Holloway, 309 F.3d 649, 651 (9th Cir. 2002) (Ninth Circuit recognizes that § 2113(a) is the exclusive provision for prosecuting "bank extortion").

Where, as here, a "divisible" statute delineates more than one crime by having "alternative elements," the "court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249. If the court determines the crime for which defendant was convicted was a "crime of violence," conviction under § 924(c)(1)(A) is not foreclosed.

Movant was charged in counts one and three of the Indictment with armed bank robbery, not bank extortion. It is alleged in count one that movant "willfully and by force, violence and intimidation [took], from the person or presence of employees of Bank of the West, 520 Carolyn Weston Boulevard, Stockton . . . , approximately $9,167. . ." In count three it is alleged that movant "willfully and by force, violence and intimidation [took], from the person or presence of employees of Bank of the West, 200 West Yosemite Avenue, Manteca . . . , approximately $20,381. . ." ECF No. 8. In his plea agreement, movant agreed to plead guilty to counts two and four as charged; count two identifies the armed robbery alleged in count one as the qualifying "crime of violence" and count four identifies the armed robbery alleged in count three as the qualifying "crime of violence"  ECF No. 8 & 68 at 2. Movant pled guilty on April 23, 2007. ECF No. 66.

Accordingly, movant's convictions concern armed bank robbery involving "force and violence or intimidation," and not extortion.

4. <u>Binding Authority not "Clearly Irreconcilable"</u>

Finally, as argued by respondent, the court notes that under Ninth Circuit law, the court must adhere to the finding in Wright, that armed bank robbery is a "crime of violence" under §

924(c)(3) as movant has not shown that Johnson I, Johnson II, or any other subsequent Ninth Circuit or Supreme Court authority is "clearly irreconcilable" with or has overruled Wright. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

V.    CONCLUSION

For all of these reasons, the court will recommend that movant's motion for habeas corpus relief under 28 U.S.C. § 2255 be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's June 21, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 129) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1392 MCE CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 12, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
alan0456.257

7